# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | | |
|---|---|---|
| **DION P. JEFFERSON** | * | **CIVIL ACTION NO. 07-1132** |
| **VERSUS** | * | |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment. For the reasons assigned below, the decision of the Commissioner is **REVERSED** and the matter **REMANDED** for further proceedings.

## Background & Procedural History

Dion P. Jefferson filed applications for Title XVI Supplemental Security Income payments and Title II Disability Insurance Benefits on November 4 and December 4, 2002, respectively. (Tr. 11, 40-42, 94-97). He alleged disability since August 15, 2002, due to basilar artery migraines. (Tr. 46). Jefferson exhausted his administrative remedies culminating in a May 27, 2004, unfavorable Administrative Law Judge ("ALJ") decision and an August 6, 2004, denial of review by the Appeals Council. (Tr. 8-15, 4-6). Thereafter, Jefferson sought relief before this court, but voluntarily dismissed his case on February 24, 2005. *See, Jefferson v. Barnhart*, Civil Action Number 04-1993 (W.D. La.).

Meanwhile, on, or about September 22, 2004, Jefferson filed the instant applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income payments. (Tr. 172-175, 341-343). Jefferson again alleged disability since August 15, 2002, due to basilar artery migraines and sarcoidosis. (Tr. 173, 183). The applications were denied at the agency level of the administrative process. (Tr. 150, 160-163, 344). Thereafter, Jefferson requested and received an April 26, 2006, hearing before an ALJ. (Tr. 347-372). However, in a September 6, 2006, written decision, the ALJ determined that Jefferson was not disabled under the Act, finding at Step Four of the sequential evaluation process that he was able to return to his past relevant work as a customer service representative and sales associate. (Tr. 114-124). Jefferson appealed the adverse decision to the Appeals Council. However, on May 2, 2007, the Appeals Council denied Jefferson's request for review; thus, the ALJ's decision became the final decision of the Commissioner. (Tr. 108-110).

On July 6, 2007, Jefferson sought review before this court. He contends that the ALJ's residual functional capacity assessment is not supported by substantial evidence.

## **Standard of Review**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

*Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

### Determination of Disability

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled

under the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ found at Step Two of the sequential evaluation process that Jefferson suffers from severe impairments of basilar migraine headaches and sarcoidosis. (Tr. 120, 123).[1]

---

[1] The court observes that the relevant period in this matter begins on May 28, 2004, the date after the Commissioner's final decision denying Jefferson's prior applications. (*See*, Tr.

4

However, he concluded that the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process. *Id.*

The ALJ next determined that Jefferson retained the residual functional capacity to perform light work, reduced by the inability to climb stairs and ladders, and the need to avoid: activities involving overhead reaching; driving automotive equipment; exposure to heights; and proximity to dangerous moving machinery. (Tr. 122, 124).[2]

Plaintiff contends that the ALJ's residual functional capacity is not supported by substantial evidence. He emphasizes that although the ALJ found that he suffered severe impairments of basilar migraine headaches and sarcoidosis, the ALJ proceeded to discount the only record evidence that purported to address the effects of the credited impairments, i.e. a letter from plaintiff's treating physician and plaintiff's testimony. For instance, on August 10, 2004, Irene Scaltsas-Persson, M.D., wrote that she had been following Jefferson for at least two years. (Tr. 242). She explained that Jefferson suffered from basilar artery migraines which often

---

117).

  [2] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

resulted in loss of consciousness and occasional weakness. *Id*. She added that the severity of Jefferson's headaches and associated neurologic deficits would make it difficult for him to perform any jobs on an intermittent and unpredictable basis. *Id*. Scaltsas-Persson concluded that it would prove very difficult for Jefferson to remain employed with any consistency. *Id*.

The ALJ discounted Dr. Scaltsas-Persson's letter, in part, because a physician's statement that a claimant is disabled or unable to work is accorded no special significance under the regulations.³ The ALJ further remarked that Scaltsas-Persson was possibly motivated to assist plaintiff out of sympathy because her statements substantially differed from the rest of the record. (Tr. 122). However, the ALJ did not identify any contrary medical evidence. In fact, treatment records support the frequency of plaintiff's migraines and associated blackouts. On July 21, 2005, Dr. Scaltsas-Persson stated that the frequency of plaintiff's headaches had increased to every two weeks, and occasionally to two to three in a row. (Tr. 338). A medical record from February 28, 2006, indicated that plaintiff had been experiencing syncope spells for the past six years, and that they were now occurring more frequently. (Tr. 335).⁴

Plaintiff testified that he normally suffered blackouts one to three times per week and that they lasted for about two to seven minutes. (Tr. 354). After a blackout, he described feeling lethargic, with slurred speech which lasts for approximately three to four days. *Id*. Jefferson further testified that his sarcoidosis causes joint pain, and impairs his ability to use his hands for extended periods of time. *Id*. The ALJ questioned plaintiff's credibility because he drew unemployment benefits for 26 weeks during the same period that he sought disability benefits. However, the disability period at issue here does not overlap with the period that plaintiff

---

³ 20 C.F.R. § 404.1527(e)(1); *Frank v. Barnhart*, 326 F.3d 618 (5ᵗʰ Cir. 2003).

⁴ He experienced three syncopal episodes over the prior weekend. *Id*.

6

received unemployment benefits.

Nevertheless, even if the ALJ had properly discounted plaintiff and Dr. Scaltsas-Persson's assessments of the limiting effects of plaintiff's impairments, the record remains otherwise devoid of any evidence addressing same.[5] Instead, the ALJ appears to have autonomously derived plaintiff's residual functional capacity. (*See*, Tr. 122). However, in the absence of any valid medical assessment or other corroborating evidence to support the ALJ's residual functional capacity determination, the court is constrained to find that the ALJ's assessment is not supported by substantial evidence. *See, Ripley v. Chater* 67 F.3d 552, 557-558 (5th Cir. 1995) (substantial evidence lacking where no medical assessment of claimant's residual functional capacity, and claimant's testimony was inconsistent with ALJ's assessment); *Butler v. Barnhart*, Case Number 03-31052 (5th Cir. 06/02/2004)(unpubl.) (in the absence of medical opinion or evidence establishing that the claimant could perform the requisite exertional demands, the ALJ's determination is not supported by substantial evidence). In addition, the ALJ's residual functional capacity assessment does not contemplate the frequency or severity of plaintiff's migraines and blackouts or whether they would affect his ability to maintain a job. *See, Watson v. Barnhart*, 288 F.3d 212 (5th Cir.2002). The ALJ simply assumes that a residual functional capacity for light work, with restrictions, will adequately account for plaintiff's condition. This assumption, however, is not substantially supported by the record. *See*, discussion, *supra*.

Because the foundation for the Commissioner's Step Four determination was premised

---

[5] While Johnson arguably could have performed the demands of his past relevant work as a customer service representative at the time he was let go from his job in 2002, the relevant period for this claim begins in May 2004. Also, there is evidence that since 2002, plaintiff's blackouts and migraines have increased in frequency, and that he now suffers sarcoidosis-based limitations that affect his ability to use his hands.

upon a residual functional capacity which is not supported by substantial evidence, the court further finds that the Commissioner's ultimate conclusion that plaintiff is not disabled, is also not supported by substantial evidence. For the foregoing reasons,

The Commissioner's decision is **REVERSED**, and the matter **REMANDED** for further proceedings in accordance with this opinion.[6]

THUS DONE AND SIGNED, in Monroe, Louisiana, on the 25th day of February, 2009.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[6] Plaintiff urges the court to reverse with instructions to award benefits. The courts have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g). When reversal is warranted, the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits. *See, Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir. 1985); *see also*, *Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence was not substantial and the record clearly showed the claimant's right to benefits). The instant record is not so disposed. Plaintiff's residual functional capacity assessment remains uncertain.