UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**DION P. JEFFERSON**                     *     **CIVIL ACTION NO.  07-1132**

**VERSUS**                                         *     **MAG. JUDGE KAREN L. HAYES**

**MICHAEL J. ASTRUE,**                 *
**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION**

## MEMORANDUM RULING

Before the court is plaintiff's Motion for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b) [doc. # 24].[1]  The Commissioner did not file a response; therefore the motion is deemed unopposed.  *See* Notice of Motion Setting [doc. # 25].[2]  The matter is now before the court.[3]

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment.

[2] Although the Commissioner has no direct financial interest in the § 406(b) award, he acts as a trustee on behalf of the claimant.  *Gisbrecht v. Barnhart*,  535 U.S. 789, 798, n 6, 122 S.Ct. 1817 (2002).

[3] The instant motion is arguably untimely.  *See*, *Pierce v. Barnhart*, 440 F.3d 657, 663-664 (5th Cir. 2006); Fed.R.Civ.P. 54(d)(2).  However, in another similarly postured case, plaintiff's counsel explained why he waited to file his motion for § 406(b) fees.  *See, Mason v. Astrue*, Civil Action Number 05-2134, doc. # 24 (W.D. La. 6/19/07).  As in *Mason*, the court finds that counsel has satisfied the "excusable neglect" exception set forth in Federal Rule of Civil Procedure 6(b)(2).  *See, Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 2003 WL 21756344 (5th Cir. 2003) (unpubl.) (citing Fed.R.Civ.P. 6(b)(2)).
**In future cases, counsel should ensure that he files his 406(b) petitions promptly after receipt of notice from the Commissioner setting forth the past due benefit calculations and the amount withheld for attorney fees**.

**Background and Timeline**

On July 6, 2007, Dion Jefferson filed the instant petition for review of the Commissioner's denial of social security disability benefits. On February 25, 2009, the undersigned issued a judgment reversing and remanding the matter to the Commissioner for further proceedings. (Feb. 25, 2009, Judgment [doc. # 19]). On April 28, 2009, plaintiff filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA Fee Petition"). In his petition, plaintiff's counsel represented that he expended 7.70 hours representing his client in federal court. *See* Affidavit of John Ratcliff; EAJA Fee Petition [doc. # 20-2]. On May 15, 2009, the court signed a Joint Stipulated Order that awarded plaintiff EAJA fees in the amount of $ 1,155.00. (May 15, 2009, Order [doc. # 23]).

On October 14, 2010, plaintiff's counsel[4] filed the instant motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (sometimes referred to herein as "406(b) fees"). Counsel intimated that upon remand, the Commissioner awarded plaintiff past due benefits totaling between $ 72,019.00 and $ 92,747.00. *See* Ratcliff & Greer Invoice 9/15/2010, Exh. to Ratcliff Affidavit Entry [doc. # 24-2].[5] The Commissioner withheld 25 percent ($ 18,004.75) of

---

[4] Plaintiff's attorney is the real party in interest for purposes of the instant motion. *Gisbrecht*, 535 U.S. at 798, n6.

[5] The exact amount of plaintiff's past due benefits is not clear because counsel did not attach a copy of the Commissioner's notice of award. The court derived the $ 72,019.00 figure by multiplying $ 18,004.75 – the figure that the Commissioner withheld to pay plaintiff's attorney, which typically represents 25 percent of the claimant's past due benefits – times four. *See* Aug. 28, 2010, SSA Important Information; Exh. to John Ratcliff Affidavit; [doc. # 24-2]. The court gleaned the $ 92,747.00 figure from a September 15, 2010, entry appearing in counsel's itemization of time expended on the case. *See* Invoice [doc. # 24-2]. As did counsel, the court gives effect to the $ 72,019.00 figure because it represents the maximum past due benefit award that is fully supported by the record. The smaller sum also enures to plaintiff's benefit.

plaintiff's past due benefits to satisfy any payment owed by plaintiff to his attorney under the terms of a valid fee agreement between the parties. (Aug. 28, 2010, SSA Important Information; Exh. to John Ratcliff Affidavit; [doc. # 24-2]).

For his work before this court, plaintiff's counsel seeks to recover a 406(b) fee in the amount of $ 5,761.52. Counsel divined this sum by multiplying the amount withheld by the Commissioner to satisfy his fee (i.e. 25 percent of plaintiff's past due benefits), by the percentage of his total time expended on behalf of plaintiff that is attributable to his work in federal court. The equation is roughly equivalent to $ 18,004.75 x (9.6 hrs./30.1 hrs.).[6] In effect, counsel is seeking a fee award from this court that amounts to eight percent of plaintiff's past due benefits ($5,761.52/$72,019.00) as compensation for his efforts on his client's behalf in federal court.[7]

In further support of the 406(b) petition, counsel submitted a Social Security Disability Benefit Retainer Agreement (AC-DCt) ("Contract") that was signed by plaintiff and counsel on July 3, 2007. (Contract, Exh. to John Ratcliff Affidavit). The Contract provides that if plaintiff does not recover social security benefits as a result of counsel's representation, then he does not owe a fee to counsel. *Id*. If, however, plaintiff is awarded benefits because of counsel's efforts, then counsel is entitled to receive a fee of twenty-five (25%) per cent of any past due benefits. *Id*.

Although counsel no longer bills by the hour, if he did, his current rate would be the same

---

[6] Counsel apparently rounded off 9.6 hrs./30.1 hrs. from 31.89368 to an even 32 percent. Counsel's work in federal court is 1.9 hours more than the hours he previously claimed in the EAJA petition because he added his time associated with the EAJA petition and award. *Compare* Invoices set forth in doc. #s 20-2 and 24-2.

[7] Plaintiff's counsel anticipates recovering the balance of the $ 18,004.75 withheld by the agency, directly from the Commissioner pursuant to 42 U.S.C. § 406(a) for the percentage of his overall work that he performed before the agency.

as his partner's rate:  $ 200/hr.  (Affidavit of John Ratcliff; Exh. to EAJA Fee Petition [doc. # 20-2]).  Thus, if plaintiff's counsel were to receive his requested reimbursement as allowed under the Contract for work performed before this court ($ 5,761.52) then he will have been compensated at an hourly rate of $ 600.16 ($ 5,761.52/9.6 hrs) or approximately three times his normal hourly rate.

## Law and Analysis

Section 406(b) provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b).

In *Gisbrecht v. Barnhart*, the Supreme Court recognized that contingent-fee agreements remain the primary source for determining the fee that a claimant owes his attorney for representation in federal court. *Gisbrecht*, 535 U.S. at 807, 122 S.Ct. at 1828.  Pursuant to § 406(b), however, the courts also must review fee agreements to ensure that they yield "reasonable results in particular cases." *Id*.  For fees within the 25 percent boundary, the burden remains with the attorney for the successful claimant to show that "the fee sought is reasonable for the services rendered." *Id*.  Fees may be reduced based upon the character of the representation, the results achieved, delay by the attorney, or if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht*, 535 U.S. at 808, 122 S.Ct. at 1828.  In its assessment of the

reasonableness of the fee prescribed by the fee agreement, the court may require the attorney to submit a record of the number of hours that he expended on the case and his normal hourly billing charge in noncontingent fee cases. *Id*.

In a recent decision, the Fifth Circuit examined *Gisbrecht* and discerned therefrom that lower courts are not precluded from considering the lodestar (the number of hours reasonably expended by the attorney in the case multiplied by his reasonable hourly fee) in their 406(b) fee determinations. *Jeter v. Astrue*, ___ F.3d ___, 2010 WL 3783666 (5th Cir. Sept. 30, 2010) (mandate pending). The court explained that

> where lower courts look to the lodestar method to evaluate the ratio of fee earned to number of hours expended, they cannot find that a particular fee award would result in a windfall unless the court can articulate additional, specific factors to demonstrate that the resulting high fee was unearned by the attorney - and thus not attributable to the attorney's representation of the client before the court.

*Id*.

Although the Fifth Circuit declined to prescribe an exhaustive list of factors that lower courts should consider to determine whether a particular fee is unearned, the court did cite some factors considered by other courts, including, risk of loss in the representation, attorney experience, percentage of the past-due benefits the fee constitutes, value of the case to the claimant, degree of difficulty, and whether the client consents to the fee. *Id*.

Applying the foregoing considerations here, the court observes that the fee agreement prescribes an attorney fee of $ 18,004.75. Counsel, however, is seeking $ 5,761.52 for his work before the court. Counsel's requested fee award in this case would result in an hourly rate roughly three times greater than his ordinary billing rate. This multiplier is well within the range of awards upheld by this and other courts. *See, Randolph v. Astrue*, Civil Action No. 05-1692 (W.

D. La. 6/27/2007) (fee award reduced to five times normal billing rate); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166 (C.D. Cal. 2006) (and cases cited therein).

The undersigned further observes that counsel obtained a favorable outcome herein, with no indication of undue delay on his part. Although counsel did not expend many hours on this case, this is principally attributable to his research and writing style which is typically more succinct and efficient than that of other practitioners. The court further notes that counsel's 406(b) fee will be offset by his obligation to remit the prior EAJA fee award to his client. Consequently, plaintiff's past due benefits will be reduced by a net sum of $ 4,606.52 for counsel's work in federal court. This produces an effective fee equal to 6.4 percent of plaintiff's past due benefits – well within the congressionally-capped maximum.

Upon due consideration of the foregoing circumstances, the court finds that counsel's requested fees pursuant to the Contract are not unreasonable. Accordingly, by separate order, the court will grant plaintiff's Motion for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b) [doc. # 24] and award fees in the amount of $ 5,761.52, subject to counsel's obligation to refund to his client the previously awarded EAJA fee in the amount of $ 1,155.00. (May 15, 2009, Order [doc. # 23]); *Gisbrecht, supra* (claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.").

THUS DONE AND SIGNED at Monroe, Louisiana, this 10th day of November 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE